UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMIK NAZARIAN,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 17-1114 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On February 10, 2017, plaintiff Nomik Nazarian filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 15, 2017, Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 30, 2015, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on March 1, 2011, due to colon cancer, carpal tunnel syndrome, lateral epicondylitis, and pulmonary nodules (Administrative Record ("AR") 20, 163, 178). The ALJ examined the medical record, and on June 24, 2016, heard testimony from plaintiff (who was represented by a non-attorney representative and assisted by an Armenian-language interpreter) and from vocational and medical experts. (AR 32-71).

On August 18, 2016, the ALJ determined that plaintiff was not disabled through September 30, 2013 (*i.e.*, the "date last insured"). (AR 20-28). Specifically, the ALJ found that through the date last insured: (1) plaintiff suffered from the severe impairment of colon cancer in remission status post hemicolectomy and chemotherapy (AR 22); (2) plaintiff's impairment did not meet or medically equal a listed impairment (AR 24); (3) plaintiff retained the residual functional capacity to perform a full range of light work (20 C.F.R. § 404.1567(b) (AR 24); (4) plaintiff could perform past relevant work as a real estate agent (AR 27-28); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 25).

On December 19, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

///
///
///

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by

substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

**IV. DISCUSSION**

Plaintiff essentially contends that a remand or reversal is warranted because the ALJ failed properly to evaluate the medical opinion evidence and plaintiff's statements regarding her subjective symptoms. (Plaintiff's Motion at 4-17). The Court disagrees.

**A. The ALJ Properly Evaluated the Medical Opinion Evidence**

Plaintiff contends that the ALJ failed properly to consider the opinions of certain unspecified treating physicians. (Plaintiff's Motion at 4) (citing AR 218-

4

448, 485-1260, 1261-2036, 2037-53, 2054-71, 2072, 2073-76).  For the reasons discussed below, plaintiff has not shown that a reversal or remand is required on the asserted basis.

### 1. Pertinent Facts

The following are referred to collectively as the "Kaiser Opinions":

A June 29, 2016, "Work Status Report" "authorized by" Kaiser Permanente Dr. Roberto Rodriguez stated "[t]his patient is placed off work from 3/1/2011 through 12/30/2011[,]" and under the section for "[o]ther needs and/or restrictions" stated "[p]atient on treatment[.]"  (AR 2076).

A July 7, 2016, "Work Status Report" "authorized by" Kaiser Permanente Dr. Ani Galfayan noted "[d]ate onset of condition" as March 31, 2011, that plaintiff had been diagnosed with colon cancer, and that "[t]his patient is placed off work from 1/1/2012 through 12/31/2015[.]"  (AR 2074).

Another July 7, 2016, "Work Status Report" authorized by Dr. Galfayan noted "[d]ate onset of condition" as March 31, 2011, and again that "[t]his patient is placed off work from 1/1/2012 through 12/31/2015[.]"  (AR 2075).

### 2. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]").  20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]"  20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted).  In turn, an examining, but non-

treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating physician's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion, in part, by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).

### 3. Analysis

Here, Plaintiff's Motion does not provide any sufficiently specific and persuasive legal argument that would justify a remand in the instant case on the asserted basis. For instance, plaintiff initially wrote that she "takes issue with the ALJ's consideration of the medical evidence[,]" and "[s]pecifically . . . takes issue with the ALJ's consideration and rejection of the . . . treating source opinions from

his [sic] doctors at Kaiser Permanente[,]" and that "the ALJ failed to articulate a legally sufficient rational to reject the opinions." (Plaintiff's Motion at 4) (citing AR 218-448, 485-1260, 1261-2036, 2037-53, 2054-71, 2072, 2073-76). Plaintiff, however, did not identify which specific opinions from which of plaintiff's multiple treating doctors at Kaiser Permanente plaintiff contends the ALJ improperly rejected, but instead simply cited to over 1800 pages of medical records, including what appears to be all of plaintiff's treatment records from Kaiser Permanente (AR 218-448, 485 2071, 2073-76), as well as a June 6, 2016 medical opinion from a physician who does not appear to be associated with Kaiser Permanente at all (AR 2072). Such sweeping and conclusory argument is insufficient to justify a remand here. See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ's finding where claimant "failed to argue th[e] issue with any specificity in [] briefing") (citation omitted); Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (appellate courts "review only issues which are argued specifically and distinctly in a party's opening brief") (citations omitted); see also Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (on summary judgment parties must provide citations to location in record where specific facts may "conveniently be found" and court may limit its review to those parts of the record the parties have "specifically referenced"); Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (district court not required to "scour the record" on summary judgment where party has failed to identify specific record evidence with reasonable particularity) (citations omitted); Estakhrian v. Obenstine, 233 F. Supp. 3d 824, 836 (C.D. Cal. 2017) (court need not search for comprehensible claims in "the noodles" of party's "spaghetti approach" legal argument which metaphorically "heave[s] the entire contents of a pot against the wall in hopes that

///

something would stick[]") (citing <u>Independent Towers of Washington</u>, 350 F.3d at 929; internal quotation marks omitted).

      Plaintiff also appears to argue that the ALJ specifically rejected the Kaiser Opinions "[without] any legitimate evidentiary basis [for doing so]" and "simply substituted his own lay opinion for that of the [sic] medical professional[,]" and states that "[t]he ALJ is wrong[]" essentially because "[t]he ALJ's articulated rationale is nothing more than the ALJ, and the non-examining physicians, looking at the same treatment notes as the treating doctors from Kaiser and reaching a different opinion[,]" and that "the ALJ's lay conclusion to reject the treating physicians form [sic] Kaiser is not supported in the record." (Plaintiff's Motion at 7) (citations omitted). Nonetheless, Plaintiff's Motion provides no specific argument regarding how the ALJ *in this case* specifically erred in such respect, and thus fails to persuade the Court that a remand is warranted on such conclusory grounds. See, e.g., <u>DeBerry v. Commissioner of Social Security Administration</u>, 352 Fed. Appx 173, 176 (9th Cir. 2009) (declining to consider claim that ALJ failed properly to apply Social Security law where claimant did not argue the issue "with any specificity" in her opening brief and failed to cite "any evidence or legal authority" in support of her position) (citing <u>Carmickle</u>, 533 F.3d at 1161 n.2); <u>Brollier v. Astrue</u>, 2013 WL 1820826, at *6 & n.113 (N.D. Cal. Apr. 30, 2013) (court not required to consider "conclusory unsupported arguments" where claimant "fail[ed] to provide any analysis supporting [his position] or argue that [ALJ's alleged error] would necessarily have altered the ALJ's ultimate determination") (citation omitted); <u>see generally</u> <u>Independent Towers of Washington</u>, 350 F.3d at 929 (party's "bare assertion of an issue" in briefing "does not preserve a claim" on appeal) (citations omitted); <u>Moody v. Berryhill</u>, 245 F. Supp. 3d 1028, 1032-33 (C.D. Ill. 2017) ("The Court 'cannot fill the void [in a claimant's analysis] by crafting arguments and performing the necessary legal research.'") (citing <u>Anderson v. Hardman</u>, 241 F.3d 544, 545 (7th Cir. 2001));

8

Rogal v. Astrue, 2012 WL 7141260, *3 (W.D. Wash. Dec. 7, 2012) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work–framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted), report and recommendation adopted, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), aff'd, 590 Fed. Appx. 667 (9th Cir. 2014).

Plaintiff also asserts that "the ALJ did not state clear and convincing reasons for rejecting Plaintiff's testimony." (Plaintiff's Motion at 13). A remand or reversal is not warranted on this basis because, as discussed below, the ALJ properly rejected the Kaiser Opinions for legally sufficient reasons supported by substantial evidence.

First, the Kaiser Opinions ultimately opine simply that plaintiff should have been "off work" during certain time periods in the past. (AR 2074-76). As the ALJ suggested, the Kaiser Opinions did not explain whether "off work" meant plaintiff had been unable to engage in "just [plaintiff's] past work" or was precluded from "all work" entirely. (AR 27; see AR 2074-76). As the ALJ also noted, the Kaiser Opinions provided "no detailed explanation and no proposal of any specific functional limitations as an assessment of what the [plaintiff] could still do despite the [plaintiff's] impairments." (AR 27). Hence, the ALJ was entitled to assign "little weight" to the Kaiser Opinions' statement that plaintiff needed to be "off work," because "[s]uch a vague conclusion is not highly informative." (AR 27); Bray, 554 F.3d at 1228 (citation omitted); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999) ("Where medical reports are inconclusive, 'questions of credibility and resolution of conflicts in the testimony are functions solely of the

9

[Commissioner].'") (citations omitted); Jonker v. Astrue, 725 F. Supp. 2d 902, 909 (C.D. Cal. 2010) ("[T]he ALJ can discredit a physician's opinion if it is conclusory, brief, and unsupported by medical evidence.") (citing Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)); cf. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence.") (citation omitted).

Second, the ALJ also properly rejected the Kaiser Opinions to the extent they addressed an issue reserved exclusively to the Social Security Administration. (AR 27). Specifically, non-medical, conclusory opinions that a plaintiff is disabled or unable to work (*e.g.*, "placed off work") are not binding on the Commissioner, and may be rejected outright. See Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citation omitted); Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008) ("[The] determination of a claimant's ultimate disability is reserved to the Commissioner . . . a physician's opinion on the matter is not entitled to special significance."); see also 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Finally, the ALJ properly rejected the Kaiser Opinions in favor of the conflicting opinions of the testifying medical expert, Dr. Michael G. Bloom, who essentially opined that plaintiff had the residual functional capacity to perform light work. (AR 26, 48). Dr. Bloom's testimony constituted substantial evidence supporting the ALJ's decision since, as the ALJ noted (AR 26), it was supported by and consistent with the other medical evidence in the record. See

Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it"); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.") (citing Magallanes, 881 F.2d at 752).

Accordingly, a remand or reversal is not warranted on this basis.

### B. The ALJ Properly Evaluated Plaintiff's Subjective Symptoms

Plaintiff contends that a remand or reversal is warranted because the ALJ failed to articulate legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 9-16). The Court disagrees.

#### 1. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. § 404.1529(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the

///
///
///
///

claimant's capacity to perform work-related activities. 20 C.F.R. § 404.1529(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10.[1]

When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015).[2] This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted). Nonetheless, if an ALJ's evaluation of a claimant's subjective

---

[1] Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray, 554 F.3d at 1224 (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27.

[2] It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

12

statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas, 278 F.3d at 959 (citation omitted).

### 2. Analysis

Here, plaintiff argues that the ALJ provided "woefully insufficient reasons" for rejecting her subjective statements. (Plaintiff's Motion at 10). Curiously, however, plaintiff's own briefing does not identify any specific subjective complaint plaintiff believes the ALJ improperly rejected. (Plaintiff's Motion at 9-16). Plaintiff does state that she testified "[a]t the hearing . . . about the nature and extent of her condition[,]" but Plaintiff's Motion supports this assertion merely by citing the entire transcript of all testimony from the administrative hearing in plaintiff's case. (Plaintiff's Motion at 10) (citing AR 32-71). Plaintiff also says "[t]he ALJ briefly summarized that testimony in the decision," but simply cites two pages from the ALJ's decision which address multiple issues, and plaintiff does not specify what portion of "that testimony" the ALJ purportedly rejected in error. (Plaintiff's Motion at 10) (citing AR 24-25). Again, such sweeping and conclusory arguments are insufficient to justify a remand here. See Carmickle, 533 F.3d at 1161 n.2 (citation omitted); Independent Towers of Washington, 350 F.3d at 929 (citations omitted); Carmen, 237 F.3d at 1030-31; Keenan, 91 F.3d at 1279 (citations omitted).

Similarly, plaintiff also asserts that the ALJ "simply sets forth the oft rejected boilerplate language numerous courts have rejected as boilerplate," the ALJ "[apparently] simply rejects [plaintiff's] testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence[,]" "the ALJ failed to articulate any rationale sufficient to demonstrate [plaintiff] was anything other than credible[,]" the ALJ generally "did not consider [plaintiff's] credible testimony[,]" "did not identify clear and convincing reasons supporting her [sic] disbelief[]" but instead "articulated generalities." (Plaintiff's Motion at 11-13, 15). As discussed below, however, such conclusory assertions

13

somewhat mischaracterize the ALJ's decision, are belied by the record, and generally fail to persuade the Court that a remand is warranted in this case.

First, the ALJ properly gave less weight to plaintiff's subjective statements based on plaintiff's failure to seek a level or frequency of medical treatment that was consistent with the alleged severity of plaintiff's subjective complaints. See Molina, 674 F.3d at 1113 (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's subjective complaints) (citations and internal quotation marks omitted); SSR 16-3p, 2016 WL 1119029, at *7-*8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms. . . ."). For example, as the ALJ pointed out, in April of 2012, after her cancer was in remission, plaintiff only complained about "problems with constipation and cramps" and "a skin rash related to her chemotherapy treatment" – both of which were resolved with medical treatment. (AR 25) (citing Exhibit 1F at 32-33, 100-02, 124-28, 142 [AR 249-50, 317-19, 341-45, 359]); cf, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" inconsistent with reports of disabling pain); Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling. . . .") (citations omitted); Bailey v. Colvin, 659 Fed. Appx. 413, 415 (9th Cir. 2016) (evidence that "impairments had been alleviated by effective medical treatment," to the extent inconsistent with "alleged total disability[,]" specific, clear, and convincing reason for discounting subjective complaints) (citation omitted).

Second, the ALJ properly gave less weight to plaintiff's subjective statements to the extent plaintiff engaged in activities which require a greater level

of functioning than plaintiff alleges she could actually do.  See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)).  For example, as the ALJ noted, contrary to plaintiff's allegations of disabling symptoms, within several months after her cancer was in remission, plaintiff apparently reported that she had been exercising five days a week for 20 minutes each day.  (AR 26) (citing Exhibit 1F at 155 [AR 372]).

A claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted).  Nonetheless, this does not mean, as plaintiff appears to suggest (Plaintiff's Motion at 13-15), that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony.  To the contrary, even where a claimant's activities suggest some difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged.  See Reddick, 157 F.3d at 722 (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations").

To the extent plaintiff asserts, without any citation to the Administrative Record, that "[her] descriptions of her activity level are far short of what is needed to demonstrate the capacity to perform work activity on a sustained basis[,]" "[n]othing in [plaintiff's] testimony provides any indication that she is capable of

performing anything other than a few basic daily activities and certainly not what is required of substantial gainful work activity[,]" and "[plaintiff] testified that while able to perform activities of daily living she is only able to do so for short periods of time[]" (Plaintiff's Motion at 14), this Court declines to second guess the ALJ's reasonable contrary determination that "[plaintiff's] ability to exercise regularly tends to suggest that the alleged symptoms and limitations may have been overstated[]" (AR 26), even if the evidence could give rise to inferences more favorable to plaintiff. Trevizo, 871 F.3d at 674-75 (citations omitted). Plaintiff's conclusory assertion that "[plaintiff's] descriptions of her limitations demonstrate that she is incapable of maintaining substantial gainful work activity because of her severe impairments[,]" for which plaintiff merely cites the entire transcript from her administrative hearing (Plaintiff's Motion at 13) (citing AR 32-71), does not support doing otherwise.

Finally, the ALJ properly gave less weight to plaintiff's subjective complaints, in part, because there was "no [objective medical] evidence to support any disabling functional limitation" for plaintiff after her cancer went into remission and prior to the date last insured. (AR 25) (citing Exhibit 1F at 11-12, 21, 35, 48-49, 63, 70, 127, 144, 160, 167, 176 [AR 228-29, 252, 265-66, 280, 287, 344, 361, 377, 384, 393]; Exhibit 9F at 7, 12 [AR 2060, 2065]); see Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider. . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.").

Accordingly, a reversal or remand is not warranted on the asserted basis.

///

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 7, 2018

                                                /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE